# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CYNTHIA ZEMBER and DONALD C. ZEMBER,

          Plaintiffs,

v.

ETHICON, INC. and JOHNSON & JOHNSON,

          Defendants.

Case No. 20-CV-369-JPS

**ORDER**

1. **INTRODUCTION**

This action comes to the Court from a multidistrict litigation ("MDL") filed in the Southern District of West Virginia ("SDWV") in November 2012. (Docket #1). Plaintiffs Cynthia Zember ("C. Zember") and Donald Zember ("D. Zember") (collectively, "Plaintiffs") allege that they were harmed by transvaginal surgical mesh implanted in C. Zember that was manufactured and sold by Defendants. (*Id.*) The MDL proceeded through extensive discovery and motions practice, and the vast majority of individual cases were dismissed during that time. On February 21, 2020, Judge Joseph R. Goodwin of the SDWV ordered that some of the few remaining cases be transferred to their appropriate jurisdictions for disposition. (Docket #68). As Plaintiffs are residents of Burlington, Wisconsin and most of the underlying events occurred in Wisconsin, their case was transferred to this district on March 6, 2020.

In the transfer order, Judge Goodwin made two important points. First, he urged the receiving courts to immediately set the cases for trial

without a further period of discovery, as more discovery would be unnecessary and would cause undue delay. (*Id.*) Second, he directed the parties to identify for the receiving court any motions that remained pending and were in need of a ruling. (*Id.*)

When the case arrived in the Eastern District of Wisconsin, there were two pending motions: one for partial summary judgment and a *Daubert* motion. (*See* Docket #88 at 2). The Court denied both motions, without prejudice, for failure to comply with local and federal rules and allowed the parties to refile their motions in accordance with local and federal rules and the trial-scheduling order.[1] (*Id.*) On April 10, 2020, Defendants filed a renewed motion for partial summary judgment, which is now fully briefed. (Docket #91). For the reasons stated herein, the Court will grant the motion.

## 2. LEGAL STANDARD

Defendants move for partial summary judgment on the merits of some of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure ("FRCP") 56. Fed. R. Civ. P. 56. Under FRCP 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court construes all facts and reasonable inferences in a light most favorable to the nonmovant. *Bridge v.*

---

[1] On July 9, 2020, given the uncertain breadth, depth, and trajectory of the COVID-19 pandemic, and scheduling issues related thereto, the Court adjourned all remaining dates and deadlines of the trial scheduling order.

*New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, a court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

3.  **RELEVANT FACTS**

On February 20, 2009, Dr. Lata Gupta implanted a TVT-Oturator ("TVT-O") device, manufactured by Defendants, into C. Zember, for the surgical treatment of stress urinary incontinence (Docket #94 at 1).[2] This procedure took place in Burlington, Wisconsin. (*Id.*) Thereafter, C. Zember received virtually all of her follow-up care in Wisconsin. (*Id.*) The TVT-O device remains implanted in C. Zember. (*Id.*) C. Zember alleges to have sustained urinary retention and bowel issues, emotional injuries, pelvic pain and discomfort, blood clots, cramping, and other injuries as a consequence of the implant. (*Id.* at 2). Plaintiffs have not elicited any testimony from Dr. Gupta relating to his care and treatment of C. Zember. (*Id.*)

In 2012, Plaintiffs, as part of the MDL in the SDWV, brought the following eighteen claims against Defendants: (I) negligence, (II) strict

---

[2]Many of the relevant facts in this case come from Defendants' statement of facts, (Docket #94), to which Plaintiffs neither objected nor supplied their own statement of facts in response. Accordingly, for purposes of summary judgment, the Court will accept Defendants' proposed facts as undisputed. *See* Civil L.R. 56(b)(2)(B)(i)–(ii) (prescribing the method by which the nonmoving party in a summary judgment motion is to respond to the moving party's statement of facts); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) ("We have . . . repeatedly upheld the strict enforcement of [local] rules, sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.").

liability—manufacturing defect; (III) strict liability—failure to warn; (IV) strict liability—defective product; (V) strict liability—design defect; (VI) common law fraud; (VII) fraudulent concealment; (VIII) constructive fraud; (IX) negligent misrepresentation; (X) negligent infliction of emotional distress; (XI) breach of express warranty; (XII) breach of implied warranty; (XIII) violation of consumer protection laws; (XIV) gross negligence; (XV) unjust enrichment; (XVI) loss of consortium; (XVII) punitive damages; and (XVIII) discovery rule and tolling. (Docket #1 at 4–5). The case was transferred to this Court, and Defendants have moved for summary judgment on Claims II–IV, VI–XII, and XIV–XV. Defendants have also moved for summary judgment on Claims I and XIII, to the extent that they rely on manufacturing defect or failure to warn theories. (Docket #92).

4. ANALYSIS

    4.1 Choice of Law

As an initial matter, the Court must determine which state's law will apply to the present case. A federal court sitting in diversity applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *In re Jafari*, 569 F.3d 644, 648 (7th Cir. 2009). The Court sits in Wisconsin, and Wisconsin law requires that a court "presumptively apply" Wisconsin law. *Wilcox v. Wilcox*, 133 N.W.2d 408, 416 (Wis. 1965). This presumption initially may be overcome in two ways: (1) if it is clear that the non-forum contacts are of greater significance than the forum contacts; or (2) if the contacts of the forum state to the facts "are so obviously limited and minimal that application of . . . [the forum state's] . . . law constitutes officious intermeddling." *Drinkwater v. Am. Fam. Mut. Ins. Co.*, 714 N.W.2d 568 (Wis. 2006).

Plaintiffs reside in Wisconsin, and C. Zember received the TVT-O implant and almost all of her follow-up care in Wisconsin. She also first voiced her complaints allegedly related to the TVT-O device in Wisconsin. Neither Plaintiffs nor Defendants dispute the application of Wisconsin law to this matter. Thus, the Court will apply Wisconsin law.

### 4.2 Plaintiffs' Concessions (Claims I, II, IV, VI, VII, VIII, IX, X, XI, XII XIII, XIV, and XV)

When a party raises arguments for summary judgment on various claims, the nonmoving party must respond to the movant's arguments as to each claim. *Nichols v. Mich. City Plant Plan. Dep't*, 755 F.3d 594, 600 (7th Cir. 2014). "The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment." *Id.* In other words, when the nonmovant fails to respond to the movant's arguments, the nonmovant "abandon[s] [their] claim and summary judgment will be granted for the [movant]." *Watt v. Brown County*, 210 F. Supp. 3d 1078, 1083 (E.D. Wis. 2016); *see also Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999).

Here, Defendants have moved for summary judgment on Claims II, IV, IX, X, XIV, and XV. Defendants have also moved for summary judgment on Claims I and XIII, to the extent that they rely on manufacturing defect or failure to warn theories. (Docket #92). Plaintiffs have not responded to Defendants' arguments for summary judgment on these claims. Thus, Plaintiffs have waived their arguments. The Court will grant summary judgment for Defendants as to Claims II, IV, IX, X, XIV, and XV. The Court will also grant summary judgment to Defendants as to Claims I and XIII, to the extent that they rely on manufacturing defect or failure to warn theories.

As to Claims XI and XII, Defendants move for summary judgment with the support of two arguments: (1) the breach of warranty claims are duplicative of Plaintiffs' tort claims; and (2) because Plaintiffs were not in privity of contract with Defendants, their breach of warranty claims cannot survive. (Docket #92 at 9–10) (citing *Weaver v. Champion Petfoods USA Inc.*, No. 18-CV-1996-JPS, 2019 WL 2774139, at *4 (E.D. Wis. July 1, 2019) ("the Court is bound to follow Seventh Circuit authority and reject Plaintiff's attempt to broadly expand express warranty claims to encompass consumers who [are not in privity with manufacturers]"); *T&M Farms v. CNH Indus. Am., LLC,* No. 19-C-0085, 2020 WL 1082768, at *5 (E.D. Wis. Mar. 5, 2020) ("privity is necessary for implied warranty claims and that a manufacturer is not in privity with the ultimate user of its product when the product was sold to the user by a third party.")). In their response, Plaintiffs address only Defendants' *first* argument—they offer no discussion on the privity issue. Thus, the Court will deem argument on the privity issue waived and grant summary judgment on Claims XI and XII to Defendants.

Similarly, as to Claims VI, VII, and VIII (Plaintiffs' claims based on fraud), Defendants first make broadly applicable arguments that Plaintiffs are unable to demonstrate causation and that such claims are duplicative of Plaintiffs' failure-to-warn claim. (Docket #92 at 6–7). Plaintiffs respond to these arguments. (Docket #96 at 1–3). Defendants, however, also raised individual arguments as to each claim, explaining that Plaintiffs have not met all of the necessary elements for each claim. As to Claim VI (common law fraud), Defendants argue that Plaintiffs cannot establish that C. Zember relied, to her detriment, on any representation made by Defendants. (Docket #92 at 7) (citing *Chevron Chem. Co. v. Deloitte & Touche*, 483 N.W.2d

314, 317 (Wis. Ct. App. 1992), *aff'd and remanded*, 501 N.W.2d 15 (Wis. 1993) ("negligent misrepresentation has four elements: . . . (4) plaintiff's belief that the representation was true and reliance thereupon to plaintiff's damage")). As to Claim VII (fraudulent concealment), Defendants argue that because C. Zember was not a party to a business transaction with the allegedly concealing party (i.e., Defendants), she cannot bring a fraudulent concealment claim. (*Id.* at 8) (citing *Southard v. Occidental Life Ins. Co. of Cal.*, 142 N.W.2d 844, 848 (Wis. 1966) ("A person in a business deal must be under a duty to disclose a material fact before he can be charged with a failure to disclose.")). As to Claim VIII (constructive fraud), Defendants argue that they were not in a fiduciary relationship with Plaintiffs, and Plaintiffs, therefore, cannot succeed on a such a claim. (*Id.*) (citing *Zastrow v. J. Commc'ns, Inc.*, 703 N.W.2d 673, 681 n. 12 (Wis. Ct. App. 2005), *aff'd*, 718 N.W.2d 51 (Wis. 2006) ("The elements of a claim for breach of fiduciary duty are: (1) the defendant had a fiduciary duty; (2) the defendant breached that duty; and (3) the breach of duty caused injury to the plaintiff.")). Plaintiffs do not respond to any of Defendants' arguments that Plaintiffs cannot satisfy the essential elements of Claims VI, VII, and VIII. Thus, the Court will deem these arguments waived and grant summary judgment on Claims VI, VII, and VIII to Defendants.

### 4.3 Strict Liability—Failure to Warn (Claim III)

Defendants move for summary judgment on Claim III, Plaintiffs' strict product liability allegation that C. Zember was injured as a consequence of Defendants' alleged failure to warn of certain risks

associated with the TVT-O device.³ (Docket #92 at 3–6). Under Wisconsin's strict product liability law,

> a product is defective because of inadequate instructions or warnings only if the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the manufacturer and the omission of the instructions or warnings renders the product not reasonably safe.

Wis. Stat. § 895.047(1)(a) (2020). An essential element of a failure-to-warn claim (whether based on strict liability or negligence) is proof that the alleged failure to warn caused the injury. *Id.* § 895.047(1)(a)(e); *see also Shanley v. Omega Flex, Inc.*, No. 19-CV-664-SLC, 2021 WL 778921, at *3 (W.D. Wis. Mar. 1, 2021) (explaining that § 895.047(1)(a)(e) "require[es] plaintiff to establish that a product's 'defective condition was a cause of the claimant's damages' for strict products liability claim, whether based on manufacturing defect, design defect, or failure to warn or instruct").

Defendants argue that the learned-intermediary doctrine applies in this case. The learned-intermediary doctrine holds that "the manufacturer of a prescription drug or medical device fulfills its duty to warn of the product's risks by informing the prescribing physician of those risks." *In re*

---

³Plaintiffs argue that Defendants should not be permitted to bring their substantive challenge to Plaintiffs' failure-to-warn claim because Defendants' original motion for summary judgment did not include any specific arguments as to causation and the learned-intermediary argument, as discussed *infra*. (Docket #96 at 3). However, given that the Court ordered renewed briefing on a motion that was originally filed over three years ago in another court, the Court sees it appropriate for the parties to raise new arguments. *See Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) ("Although it is desirable for defendants to present their strongest arguments in their initial summary judgment motion, the trial judge, in the exercise of his discretion, [may see] fit to receive the revised summary judgment motion.").

*Zimmer, NexGen Knee Implant Prod. Liab. Litig.*, 884 F.3d 746, 751 (7th Cir. 2018).[4] Where the doctrine applies, it "absolves drug [and medical-device] manufacturers of the duty to warn a patient directly of a drug[] [or medical device's] dangerous propensities." *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 968 (E.D. Wis. 2009). To succeed on a failure-to-warn claim under the learned-intermediary doctrine, a plaintiff must show that (1) the warning provided by the manufacturer to the doctor was inadequate, and (2) there was a "causal link between any allegedly inadequate warnings and [a doctor's] decision to prescribe [a drug or medical device]." *Id.* 968–69 (denying summary judgment where there were issues of material facts as to both the adequacy of the warning and the causal link between the allegedly inadequate warning and the doctor's decision to prescribe a drug); *see also In re Zimmer*, 884 F.3d at 752 ("[a] plaintiff who has established both a duty and a failure to warn must also establish causation by showing that, if properly warned, he or she would have altered behavior and avoided injury" (quoting *Kurer v. Parke, Davis & Co.*, 679 N.W.2d 867, 876 (Wis. Ct. App. 2004))).

Defendants do not offer argument as to whether the warnings they provided regarding the TVT-O were sufficient. They instead argue that Plaintiffs have failed to show causation (i.e., that, had Defendants provided

---

[4]No Wisconsin appellate court has spoken as to whether the learned-intermediary doctrine applies in Wisconsin. *In re Zimmer*, 884 F.3d at 749. But the Seventh Circuit, in predicting how Wisconsin courts "would act given the chance," has determined that "there is good reason to think that given the opportunity, the Wisconsin Supreme Court would join the vast majority of state supreme courts and adopt the learned-intermediary doctrine for use in defective-warning cases like this one involving a surgical implant." *Id.* at 751, 752. Thus, the Court will proceed as though the learned-intermediary doctrine applies under Wisconsin law.

an adequate warning, Dr. Gupta would not have implanted the TVT-O device in C. Zember). (Docket #92 at 5–6). Often, a question of fact regarding the effect of an inadequate warning on a doctor's decisions can be generated through the doctor's testimony that he or she relied on the warning provided or would have changed course if provided with an adequate one. *See, e.g., In re Zimmer*, 884 F.3d at 752–54; *Hull v. Ethicon, Inc.*, No. 320CV00038JMSDML, 2020 WL 1154577, at *7 (S.D. Ind. Mar. 10, 2020). Dr. Gupta has not been deposed.

Plaintiffs first respond that they have not had the "opportunity" to depose Dr. Gupta because he has been out of the country. But the Court finds important that litigation in this case has been going on since 2012, and this case came from the MDL court with specific instructions that discovery not be permitted to continue. (Docket #68 at 1) ("Further discovery will only result in unjust delay. Extensive development of these cases over a period of years has made such further action completely unnecessary."). The Court will not delay this case any further as to allow Plaintiffs to procure testimony from Dr. Gupta.

Plaintiffs next argue that the Court should apply a presumption that, when given an adequate warning, a doctor will heed such warning and alter his or her decisions based on it. Wisconsin courts have not spoken to the applicability of such a presumption in a medical-device, failure-to-warn case, but the Seventh Circuit has:

> [Plaintiff] argued at the summary-judgment hearing that the judge should allow this claim to go forward based on a "heeding presumption," which permits the factfinder to presume, in the absence of proof, that a proper warning would have been read and heeded. Here again, the state appellate courts have not addressed this doctrine. *We seriously doubt that they would adopt it in this context.*

*In re Zimmer*, 884 F.3d at 753–54 (emphasis added) (adding further that "the state court of appeals has recently held that '[a] plaintiff who has established both a duty and a failure to warn must also establish causation by showing that, if properly warned, he or she would have altered behavior and avoided injury.'" (quoting *Kurer*, 679 N.W.2d at 876)); *see also Kurer*, 679 N.W.2d at 876 ("Even in the event that a warning is inadequate, proximate cause is not presumed."). The Court will not apply a presumption that Dr. Gupta would have heeded an adequate warning if he had been provided one. Plaintiffs cannot make a showing of causation as they have not procured any testimony from Dr. Gupta that he either relied on the warning provided or would have acted differently if given an adequate warning. Thus, Plaintiffs have not raised a genuine dispute as to causation, and the Court will award summary judgment to Defendants on Claim III.

## 5. CONCLUSION

For the reasons explained above, the Court will grant Defendants' renewed motion for partial summary judgment, (Docket #91). Accordingly, the Court will grant summary judgment to Defendants as to Claims II, III, IV, VI, VII, VIII, IX, X, XI, XII, XIV, and XV. These claims will be dismissed with prejudice. The Court will also grant summary judgment to Defendants as to Claims I and XIII, to the extent that they rely on manufacturing defect or failure to warn theories. These claims will be dismissed with prejudice to the extent that they rely on the specified theories. The following claims will continue to the next stage of litigation: V, XVI, XVII, and XVIII. Claims I and XIII, to the extent that they do not rely on manufacturing defect or failure to warn theories, will also continue to the next stage of litigation.

Finally, given the uncertain breadth, depth, and trajectory of COVID-19, the pandemic presents an overarching need to protect the health

and safety of the parties, counsel, jurors, and witnesses, together with the Court's staff and the public. Accordingly, the Court will withhold reissuing a trial scheduling order until such time as circumstances allow for in-person proceedings to be conducted safely.

Accordingly,

**IT IS ORDERED** that Defendants' renewed motion for partial summary judgment (Docket #91) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Claims II, III, IV, VI, VII, VIII, IX, X, XI, XII, XIV, and XV be and the same are hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that Claims I and XIII, to the extent that they rely on manufacturing defect or failure to warn theories, be and the same are hereby **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge